UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Headley,

      Petitioner,

v.                                                **MEMORANDUM OPINION AND ORDER**
                                                 Civil No. 05-2454 ADM/SRN

United States of America,

      Respondent.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner Christopher Headley's ("Petitioner") Motion for Enlargement of Time [Docket No. 4] to file an objection to Magistrate Judge Susan Richard Nelson's Report and Recommendation ("R&R") [Docket No. 3] of November 9, 2005. The R&R recommends that Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1] be dismissed for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. For the reasons set forth below, Petitioner's Motion is denied and the R&R is adopted. The procedural and factual background, described in the R&R, is incorporated by reference for review of the Petitioner's present Motion.

## II. DISCUSSION

Because Petitioner failed to meet the deadline under D. Minn. LR 72.2(b) for filing his Motion for Enlargement of Time with the Court, and because the Court finds the R&R was correctly decided, Petitioner's Motion is denied.

**A.    Motion for Enlargement of Time to File Objection to R&R**

Petitioner asks the Court for a thirty day expansion of the time allowed to file an Objection to the R&R of November 9, 2005.  Petitioner's Motion suggests that he requires this grace period to supplement his legal research, as he is currently without the benefit of legal counsel.  While the Court is sympathetic to the Petitioner's lack of resources, pursuant to the Local Rules and as expressly stated in the R&R, regardless of his representational status Petitioner had until November 23, 2005 to file his objections.  Although Petitioner's Motion was postmarked November 23, it was not filed with the Court until November 25.  While Petitioner may have needed more time to conduct legal research related to his potential objections, Petitioner did not need to conduct research with respect to his Motion for Enlargement of Time, and therefore presumably could have filed the instant Motion by the deadline.  The language in the R&R clearly indicates that the filing of objections must be <u>made by</u>, not postmarked by, the November 23, 2005 deadline.  For this reason Petitioner's Motion for Enlargement of Time is untimely, and is denied.

**B.     Dismissal of Complaint by R&R**

Even if the Court were willing to grant the extension and allow Petitioner to file an Objection to the R&R, the result would be the same, because the R&R was correctly decided.

In reviewing an R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); <u>see also</u> D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>

Although Petitioner makes several arguments in his Petition, his primary claim appears to

be that the Court wrongly failed to exercise jurisdiction over his Motion for Habeas Corpus. However, the claims Petitioner raised in his Motion cannot be brought in a § 2241 habeas corpus petition. As the R&R explains in some detail, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of . . . [his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). The Eighth Circuit Court of Appeals has held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, . . . or because Petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed, . . . or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). In the present case, the R&R correctly denied Petitioner the ability to challenge his sentence under § 2255 because the one year statute of limitations had expired. Because the expiration of the statute of limitations under § 2255 is not a reason to allow Petitioner to file a § 2241 habeas corpus motion, the Court does not have jurisdiction to hear a § 2241 claim.

In addition, although Petitioner does not specifically cite United States v. Booker, 543 U.S. 220 (2005), his current Petition is obviously based, at least in part, on the Booker decision, which had not yet been decided when Petitioner could have pursued either a direct appeal or a timely § 2255 motion. Under Petitioner's theory, the Booker decision should be applied retroactively to allow him to file a § 2255 motion. This argument is not persuasive. The Eighth

3

Circuit, along with every other federal appellate court to consider the issue, has found that Booker is not retroactively applicable on collateral review. Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam); see also Lloyd v. United States, 407 F.3d 608 (3rd Cir. 2005); Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005). As the R&R makes clear, it is the absence of retroactive applicability, rather than any deficiency in the remedy provided by § 2255, that precludes Petitioner from raising his Booker claims in a § 2255 motion. Because Petitioner cannot claim that the remedy provided by § 2255 is "inadequate or ineffective," he should not be allowed to raise claims regarding the duration of his sentencing in a § 2241 habeas petition. See Tineo v. LeBlanc, Civil No. 05-318, 2005 WL 740520 at *2 (D. Minn. Mar. 31, 2005).

For the reasons given above, the R&R was correct in its assertion of lack of jurisdiction over Petitioner's claims. Because the one year statute of limitations for raising § 2255 claims has expired, and because Petitioner is barred from making a collateral attack on his sentence in a § 2241 petition for habeas corpus, the R&R is affirmed and Petitioner's Motion is denied.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner's Motion for Enlargement of Time [Docket No. 4] to file an objection is **DENIED**; and

2.  The R&R [Docket No. 3] is **ADOPTED**; and

3.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] is **DISMISSED** for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:


              s/Ann D. Montgomery              
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 2, 2005.